**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 18 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HERIBERTO MEJIA-ALDARCO, | No. 17-71411 |
| Petitioner, | |
| v. | Agency No. A087-456-986 |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Department of Homeland Security

Submitted May 15, 2018[**]

Before:    SILVERMAN, BEA, and WATFORD, Circuit Judges.

The motion to substitute counsel (Docket Entry No. 23) is granted. The

motion to permit supplemental briefing (Docket Entry No. 28) is denied.

Heriberto Mejia-Aldarco, a native and citizen of Mexico, petitions for

review of an order by the Department of Homeland Security ("DHS") reinstating a

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

2008 expedited removal order. Our jurisdiction is governed by 8 U.S.C. § 1252. Our review of DHS' reinstatement order is "limited to confirming the agency's compliance with the reinstatement regulations." *Garcia de Rincon v. Dep't of Homeland Sec.*, 539 F.3d 1133, 1137 (9th Cir. 2008). We deny in part and dismiss in part the petition for review.

DHS did not err in issuing Mejia-Aldarco's reinstatement order, where he concedes, and the record shows, that he is an alien, he was subject to a prior order of removal, and he illegally reentered the United States subsequent to that order. *See id.* at 1137 (court's jurisdiction over a reinstatement order is limited to reviewing "three discrete inquiries an immigration officer must make in order to reinstate a removal order: (1) whether the petitioner is an alien; (2) whether the petitioner was subject to a prior removal order, and (3) whether the petitioner re-entered illegally" (citation omitted)).

We lack jurisdiction to review Mejia-Aldarco's collateral challenge to his underlying expedited removal order. *See id.* at 1138 ("whatever relief might be gained by the operation of [8 U.S.C.] § 1252(a)(2)(D) and the 'gross miscarriage' standard, it is unavailable to [petitioner] because [his] underlying removal order is an *expedited* removal order that is subject to additional jurisdictional bars" (emphasis in original)).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

17-71411